**Affirmed and Memorandum Opinion filed April 2, 2024.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-23-00198-CR**
**NO. 14-23-00199-CR**

---

**RAUL ERNESTO RAPALO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 482nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1762572 & 1762573**

---

## MEMORANDUM OPINION

In this appeal from two separate convictions, we consider two issues of alleged charge error, and one issue arising out of the admission of testimony during the punishment phase of trial. For the reasons given below, we overrule all issues presented and affirm the trial court's judgments.

# BACKGROUND

This case arises from an incident at a flea market, most of which was recorded on two cell phone videos.

One video was recorded by the complainant, who was a vendor at the flea market. This video shows the complainant approaching a woman who was attempting to leave the flea market with several items of merchandise in her hands. The complainant identifies one of the items as a jacket from his stand, which the woman had not paid for. The complainant reaches for the jacket and tells the woman, "Hi. I think this is mine." The woman protests, saying that she had just bought it, but she eventually allows the complainant to take the jacket. As he walks away, the complainant records the woman flipping him off.

The woman then tries to take the complainant's phone, and she follows him back in the direction of his stand. She taunts him along the way, and at one point her boyfriend—later identified as appellant—joins her by making threatening gestures. The complainant announces to the other vendors that the woman tried to steal the jacket. The complainant returns the jacket to his stand, but the woman continues to harass him because he "put [his] hands on a woman." As the woman taunts the complainant, he sees appellant grab the jacket and try to walk away with it. The complainant then rushes toward appellant, trying to stop his exit. The complainant drops his phone, and the two men can be heard scuffling on what remains of the video.

The second video was recorded by a bystander, and it begins when appellant and the complainant are scuffling. It depicts another man shoving the woman to the ground. It also shows the complainant briefly punching appellant. After appellant drops the jacket, the complainant reaches down for it. As the complainant is bending

2

over to retrieve the jacket, appellant pulls out a gun and fires it. The bullet enters and exits through the complainant's back.

The complainant was taken to the hospital, but he was discharged the next day.

Appellant was eventually apprehended and charged with one count of aggravated robbery, to which he pleaded not guilty. He was further charged with one count of unlawfully possessing a firearm as a felon, to which he pleaded guilty.

Appellant's defensive strategy was twofold. First, he sought to convince the jury that if he was guilty of anything (besides the possession charge), it was the lesser-included offense of aggravated assault. Second, he sought to convince the jury that he had acted in self-defense.

To that end, appellant testified in his own defense. He explained that he thought his girlfriend had purchased the jacket, because they had both been buying a lot of merchandise from different vendors that day. He also admitted to shooting the complainant, but he said that his shot was not intentional. Rather, he said that he brandished the gun because he believed that the complainant was "pulling for something"—like a weapon—and his gun just happened to fire.

The jury did not believe appellant's claim of self-defense, but nor did the jury convict appellant of aggravated robbery. The jury found him guilty of the lesser-included offense of aggravated assault instead. The jury also found him guilty on the charge of unlawful possession.

## JURY CHARGE COMPLAINTS

Appellant raises two complaints of charge error, which we review under a two-step process. First, we must consider whether error actually exists in the charge. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error does exist,

3

then we must analyze that error for harm under the procedural framework of *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984).

Both of appellant's complaints focus on the same charge instruction, which appears after the application paragraphs for aggravated robbery and aggravated assault, but before the abstract paragraph for self-defense. The challenged instruction states as follows:

> If you find . . . the defendant guilty of the sole offense of Aggravated Assault, you must next consider if the affirmative defense of self-defense applies in this case. You may only consider self-defense if you find the defendant is "Not Guilty" of the offense of Aggravated Robbery but "Guilty" of the lesser included offense of Aggravated Assault.

Appellant argues in separate issues that this instruction was erroneous because it infringed on his presumption of innocence, and because it improperly commented on the weight of the evidence. We examine each argument in turn.

## I.     Presumption of Innocence

Appellant argues that the challenged instruction violated his presumption of innocence because the instruction stated that the jury could only consider the issue of self-defense if the jury first found that appellant was "guilty" of aggravated assault. Appellant argues that the word "guilty" should not have been used in this manner, and that a proper charge would have instructed the jury to consider the issue of self-defense alongside the application paragraph for aggravated assault before making any finding of guilt.

Appellant does not cite to any authority for this argument. We note, however, that the model instruction in the Texas Criminal Pattern Jury Charges lends some support to his position. The model instruction does not require the jury to proceed to the question of self-defense upon an initial finding that the defendant is "guilty," as

4

in the challenged instruction. Instead, the model instruction requires the jury to address the claim of self-defense when the jury makes the similar, but nuanced finding that all elements of the offense were proven beyond a reasonable doubt.[1]

For the sake of argument only, we will assume without deciding that the trial court erred by submitting the challenged instruction. Because appellant did not object to that instruction during the charge conference, he can only obtain relief under the *Almanza* framework if the trial court's error caused him egregious harm. *See Almanza*, 686 S.W.2d at 171.

Harm is egregious when the error affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *See Stuhler v.*

---

[1] This is the model instruction for nondeadly force in self-defense against a single assailant:

If you all agree the state has proved, beyond a reasonable doubt, each of the [*number*] elements listed above, you must next consider whether the defendant's use of force was made in self-defense.

***

To decide the issue of self-defense, you must determine whether the state has proved, beyond a reasonable doubt, that either—

1.    the defendant did not believe his conduct was immediately necessary to protect himself against [*name*]'s use [or attempted use] of unlawful force; or

2.    the defendant's belief was not reasonable.

You must all agree that the state has proved, beyond a reasonable doubt, either element 1 or 2 above. You need not agree on which of these elements the state has proved.

If you find that the state has failed to prove, beyond a reasonable doubt, either element 1 or 2 listed above, you must find the defendant "not guilty."

If you all agree the state has proved, beyond a reasonable doubt, each of the elements of the offense of [*insert specific offense*], and you all agree the state has proved, beyond a reasonable doubt, either element 1 or 2 listed above, you must find the defendant "guilty."

Texas Criminal Pattern Jury Charges: Criminal Defenses § 31.8, at 158–61 (2018).

*State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). When deciding whether the defendant suffered egregious harm under this standard, we consider the entirety of the jury charge, the state of the evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.*

The entirety of the jury charge does not support a conclusion that appellant suffered egregious harm, and for at least two reasons.

First, by requiring the jury to find that appellant was "guilty" of aggravated assault, the challenged instruction effectively required the jury to find that every essential element of that offense had been proven beyond a reasonable doubt, just like the Texas Criminal Pattern Jury Charges. If the jury could not make that finding, the instruction that immediately preceded the challenged instruction required the jury to acquit and return a verdict of "not guilty," without any need to address the issue of self-defense. The charge reflected the law, which holds that self-defense is a confession-and-avoidance defense that requires the defendant to first admit that he engaged in conduct that was "otherwise illegal." *See Jordan v. State*, 593 S.W.3d 340, 343 (Tex. Crim. App. 2020) ("Self-defense is a confession-and-avoidance defense requiring the defendant to admit to his otherwise illegal conduct.").

Second, at the end of the charge—after the challenged instruction and after the application paragraphs on self-defense—there was an abstract paragraph that reiterated the presumption of innocence. That paragraph undercuts appellant's suggestion that the challenged instruction violated his presumption of innocence.

The state of the evidence does not suggest that appellant suffered egregious harm either. There was video proof that appellant shot the complainant. Appellant likewise admitted to the shooting. This evidence established that appellant committed all of the elements of an aggravated assault, which, absent a justification, is illegal conduct for which he could be held criminally responsible.

6

The jury also had a substantial basis for believing that appellant's use of force was not justified. The video showed that appellant shot the complainant when the complainant was bent over and reaching for his stolen jacket. Up to that point, the complainant had not provoked or threatened appellant (or his girlfriend) with a deadly weapon. And while there was some evidence of resistance—the complainant was briefly in a scuffle with appellant, and another person had shoved appellant's girlfriend to the ground—even appellant admitted that his shot was unintentional and that "the gun just went off." This was not a strong claim of self-defense. *Cf. Gonzales v. State*, 474 S.W.3d 345, 353–54 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (holding that the erroneous denial of a requested self-defense instruction was harmless where there was overwhelming evidence that the use of deadly force was not justified).

As for closing arguments, the prosecution did not emphasize the "guilty" language from the challenged instruction. The prosecution simply discussed the proper sequencing of the jury's considerations:

> So next, I want to go to page 5. And so the only way we are going to get to that aggravated assault with the lesser-included charge is if y'all agree, everybody, that he's not guilty of an aggravated robbery. But we know he still shot somebody. So if y'all say he's not guilty on the aggravated robbery, then we go to the aggravated assault.
>
> And the next part would be if you get to that point, you have to address self-defense; and you only address self-defense if you've gotten to an aggravated assault with a deadly weapon. And you have to truly ask yourself, was it reasonably necessary he pull a gun, pull a gun in a crowded flea market with tens of thousands of people that pass through there, with children nearby?

Defense counsel also addressed the issue of self-defense, but counsel's treatment of that issue was cursory:

Now, there is self-defense in here, but that's up to y'all. A reasonable person, would they think their life is in danger? And, again, y'all heard the evidence. I'm not going to cover that.

Finally, we observe that the jury sent several notes during its deliberations, but when the notes raised questions about the charge, the questions were exclusively about the instructions for aggravated robbery, for which the jury was evenly deadlocked. There were never any questions about self-defense or the challenged instruction.

All told, we cannot say that any error in the challenged instruction affected the very basis of the case, deprived appellant of a valuable right, or vitally affected a defensive theory.

## II.     Comment on the Weight of the Evidence

Appellant argues next that the challenged instruction constituted an impermissible comment on the weight of the evidence. Appellant bases this argument on the "guilty" language again. He explains that such language "told the jury that in the court's opinion, the evidence adduced authorized them to find Appellant guilty of aggravated assault, which the jury indeed did." Appellant supplies no authority in support of this argument, and we do not agree with it.

A trial court can impermissibly comment on the weight of the evidence when it supplies the jury with a non-statutory presumption used to review the sufficiency of the evidence, such as by saying that an intent to commit theft arises from the nonconsensual nighttime entry of a home. *See Brown v. State*, 122 S.W.3d 794, 799–800 (Tex. Crim. App. 2003). Or stated another way, the trial court can impermissibly comment on the weight of the evidence when it singles out a particular piece of evidence for special attention, such as by saying that an intent to kill may be inferred from the use of a deadly weapon. *Id.* at 800–01.

The trial court here did not make any such comment or single out any particular item of evidence. The instructions were actually open-ended.

Before the challenged instruction, the charge stated, "If you have a reasonable doubt as to whether the defendant is guilty of any offense defined in this charge you will acquit the defendant and say by your verdict 'Not Guilty.'" The challenged instruction then followed in the very next paragraph, stating, "You may only consider self-defense if you find the defendant is 'Not Guilty' of the offense of Aggravated Robbery but 'Guilty' of the lesser included offense of Aggravated Assault." These instructions did not suggest any sort of personal belief on the part of the trial judge that appellant was actually guilty. The judge plainly tasked the jury with making that finding.

Even if we were to assume for the sake of argument that the challenged instruction was an impermissible comment on the weight of the evidence, appellant did not object to the charge, which means he would be required to show that he was egregiously harmed. For virtually the same reasons as discussed in the previous section of this opinion, we do not believe that he suffered such harm.

## PUNISHMENT EVIDENCE

Punishment was decided by the trial court, not by the jury.

Prior to its determination of punishment, the trial court heard additional testimony from the complainant, who discussed his feelings after being shot. The complainant said that experienced a lot of physical pain, and that he was worried that he might die and have no one who could contact his family, who lived far away. He feared for his son, whom he supported. He also feared for his mother, who suffered from various illnesses.

The prosecution eventually asked the complainant about his views on appellant's punishment. Defense counsel objected to this question, but the trial court overruled the objection. The complainant then gave the following response:

> Well, I think that this person who shot me, he really—it's not conscience [sic]—he's really not aware of the consequences of what he made and that it is not good that he is out of jail, that he is free, because it could be something that it's a risk for other people.

The complainant never recommended a particular term of years. Neither did the prosecution in its closing statements. The defense asked for the trial court to find one of the enhancement allegations not true (even though appellant had pleaded true to both of them), and assess a punishment of less than twenty-five years' imprisonment, which was otherwise the statutory minimum when both enhancements applied. The trial court found both enhancements to be true and assessed punishment at concurrent terms of thirty-five years' imprisonment.

Appellant now contends that the trial court abused its discretion by allowing the complainant to testify that he should be punished with "a life sentence, or some other long term of years in prison." The record does not support that argument; the complainant never recommended a life sentence or any particular term of years. Instead, the complainant simply indicated that appellant should not be "out of jail."

Even if we assumed for the sake of argument that the trial court abused its discretion by admitting the challenged testimony, we could not say that appellant's substantial rights were affected by the trial court's error. *See* Tex. R. App. P. 44.2(b). By pleading true to the two enhancement allegations, appellant faced a minimum punishment of twenty-five years' imprisonment. *See* Tex. Penal Code § 12.42(d). He was not eligible for probation. Thus, any error in allowing the complainant to testify that appellant should not be "out of jail" was harmless.

## CONCLUSION

The trial court's judgments are affirmed.

/s/     Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

Do Not Publish — Tex. R. App. P. 47.2(b).